IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Andres Glenn, | ) | C/A No.: 1:24-cv-4160-CMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Monica Connyars, Bryan Hospital, Timmy Wilson, and Consler, | ) | |
| Defendants. | ) | |

Andres Glenn ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Monica Connyars ("Connyars"), Bryan Hospital, Timmy Wilson ("Wilson"), and Consler (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without leave for further amendment.

I.  Factual and Procedural Background

Plaintiff is a patient at G. Werber Bryan Psychiatric Hospital. [ECF No. 1-1]. On July 26, 2024, Plaintiff filed a partially-completed complaint for violation of civil rights form. [ECF No. 1]. He stated the events giving rise to his claim occurred at "B. Hospital" in 1980. *Id.* at 5. He further indicated Connyars sold his

land in Cayce. *Id.* at 6. He alleged Wilson snatched a duffel bag of money from him and the people of Bryan Hospital held it and took his money and an eighteen-wheeler from him. *Id.* at 7. He requests the court order Defendants to give him his bag of money and his truck. *Id.* at 8.

On August 9, 2024, the undersigned issued an order and notice identifying deficiencies in the complaint and a proper form order directing Plaintiff to complete documents required for service of process. [ECF Nos. 6, 7]. The orders permitted Plaintiff until August 30, 2024, to correct the defects and bring the case into proper form for service of process. *Id.*

In response to the court's orders, Plaintiff filed page 7 of the complaint for violation of civil rights form on which he indicated his claim arose while he was confined at Bryan Hospital, where he filed a complaint related to his bag of money and eighteen-wheeler. [ECF No. 9]. He also filed a proposed summons in which he lists "Lawrance McKelvey," "Mesha McKelvey," and "Larry McKelvey" in the space for "Defendant(s)." [ECF No. 11].

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon

a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se

complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Failure to Comply with the Court's Prior Orders

Although Plaintiff filed documents in response to the court's prior orders, his filings do not substantially comply with those orders. Instead of filing an amended complaint, Plaintiff filed one additional page of the complaint form that failed to address the deficiencies identified in the order and notice. *Compare* ECF No. 7, *with* ECF No. 9. Although Plaintiff provided a summons form, he did not follow the directions in the proper form order as to its completion and included different parties in the space for "Defendant(s)" than Defendants identified in the complaint. *Compare* ECF No. 6, *with* ECF No. 11. He did not complete and return Forms USM-285, as directed in the proper form order. *See* ECF No. 6.

Because Plaintiff has failed to remedy the defects in his complaint and provide documents required for service of process, the court cannot authorize service of process. It is well established that a district court has authority to

dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to substantially comply with the court's prior orders, the undersigned recommends court dismiss the case without prejudice for failure to prosecute and failure to comply with a court order under Fed. R. Civ. P. 41(b).

        2.    Failure to Meet Pleading Requirements and Lack of Subject-Matter Jurisdiction

In addition, Plaintiff has failed to meet the minimal standards for filing a complaint and has not provided the grounds for the court's jurisdiction. Pursuant to Fed. R. Civ. P. 8(a), "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a

valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject-matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2)

federal question pursuant to 28 U.S.C. § 1331. The allegations contained in this complaint do not fall within the scope of either form of the court's limited jurisdiction.

Plaintiff's complaint fails to meet the requirement of Fed. R. Civ. P. 8(a)(1) because it does not address the court's basis for jurisdiction. [ECF No. 1 at 3–4]. Although Plaintiff filed a complaint for violation of civil rights form, he has not alleged the case is one "arising under the Constitution, law, or treaties of the United States." *See* 28 U.S.C. § 1331. Plaintiff alleges no specific violation of the Constitution or federal statute, and no federal question jurisdiction is evident from the face of the complaint.

While Plaintiff does not allege the court has jurisdiction pursuant to diversity, the undersigned has considered whether he could reasonably allege this basis for the court's jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff does not state the citizenship of any party, but his return address and the addresses he lists for some defendants both include South Carolina. Therefore, Plaintiff's complaint fails to demonstrate complete diversity of citizenship, rendering the court without diversity jurisdiction. Accordingly, Plaintiff's complaint is subject

to summary dismissal for lack of subject-matter jurisdiction.

Plaintiff also failed to sign the complaint. "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The rule directs "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* Plaintiff failed to avail himself of the opportunity to provide a signed complaint. *See* ECF No. 6 at 2 (directing Plaintiff to "[c]omplete, *sign*, and return the enclosed standard complaint form"). Therefore, the complaint should be struck under Fed. R. Civ. P. 11(a).

Therefore, the undersigned recommends the court dismiss the case for lack of subject-matter jurisdiction and based on Plaintiff's failure to comply with Fed. R. Civ. P. 8(a)(1) and 11(a).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be dismissed without prejudice and without leave for further amendment.

IT IS SO RECOMMENDED.

September 4, 2024                                Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).